UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUZANNE REISKIND** | **CIVIL ACTION** |
| **VERSUS** | **NO:   07-07989** |
| **JEFFERSON PARISH SHERIFF OFFICE, ET AL.** | **SECTION: "R" (4)** |

**REPORT AND RECOMMENDATION**

This case was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 73.1E(A), for the submission of the Proposed Findings and Recommendations.

**I.    Background**

The Plaintiff, Suzanne Reiskind ("Reiskind"), filed a complaint on November 5, 2007. (R. Doc. 1.)  The Defendants, including: (1) Jefferson Parish Sheriff Office and all its agents, employees, and assigns who were under its control, (2) Newell Normand, (3) Fran Russo, (4) Michael DeSalvo, (5) Kenneth Hughes, and (6) an unidentified party were not served, nor did they make an appearance on the record.  Accordingly, on March 14, 2008, the Court ordered Reiskind to show cause by April 2, 2008 why her case should not be dismissed for the failure to serve the Defendants within 120 days of the filing of her complaint, as required by Federal Rule of Civil Procedure ("Rule") 4(m).  (R. Doc. 7.)  The undersigned also unambiguously advised that failure to comply with the Minute Entry could result in dismissal without further notice.  Reiskind did not

file a response.

## II. Recommendation

Accordingly,

**IT IS RECOMMENDED** that Reiskind's claims against (1) the Jefferson Parish Sheriff Office and all its agents, employees, and assigns who were under its control, (2) Newell Normand, (3) Fran Russo, (4) Michael DeSalvo, (5) Kenneth Hughes, and (6) an unidentified party be **DISMISSED WITH PREJUDICE** for failing to comply with Rule 4(m) and the Show Cause Order (R. Doc. 7) issued by the United States Magistrate Judge on March 14, 2008.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  14th  day of May 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**