```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

REISKIND                                    CIVIL ACTION

VERSUS                                      NO: 07-7989

JEFFERSON PARISH SHERIFF                    SECTION: R(4)
OFFICE, ET AL.
```

## ORDER AND REASONS

Before the Court is defendants Michael DeSalvo, Kenneth Hughes and Newell Normand's unopposed motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6). For the reasons stated below, their motion is GRANTED in part.

**I. Background**

Plaintiff is employed by the Jefferson Parish Sheriff's Office and has only one arm. She alleges that she has been the subject of discrimination and harassment on account of her disability since she was transferred to the MIS division of the Sheriff's Office in 2002. The alleged discrimination includes

being assigned to less desirable work, and being passed over for jobs receiving higher salary and benefits.  In addition to these general allegations, plaintiff's complaint sets forth four specific allegations of discriminatory conduct by the Sheriff's Office.

*First*, when plaintiff's division was merged with another, the clerk position was allegedly given to another, non-disabled employee with less seniority.  A Detective Bureau allegedly informed plaintiff that "they did not think she could handle the job." According to plaintiff's allegations, she was then assigned to work requiring excessive use of her one hand, allegedly causing her to develop carpel tunnel syndrome.

*Second*, defendant Michael DeSalvo allegedly told plaintiff that she could not use the handicap space in front of the Sheriff's Office, and was told to park behind the building while at work.

*Third*, defendant Col. Kenneth Hughes allegedly assigned plaintiff to work in the mail room on several occasions. Plaintiff asserts that she was unable to do this work because the duties required two hands, and because her carpal tunnel syndrome prevented her from lifting heavy objects.  After plaintiff refused to work in the main room, Hughes allegedly told plaintiff he would report her to his Superior Officer.

2

*Fourth*, On September 22, 2006, plaintiff was allegedly denied insurance payment for an on-the-job injury and denied leave.  This alleged denial is the most recent alleged act of discrimination in plaintiff's complaint.

On November 5, 2007, plaintiff filed this lawsuit against Jefferson Parish Sheriff's Office, all of its agents, employees, and assigns and their insurer, XYZ Insurance Company. Plaintiff's complaint alleges violations of Title VII, Title I of the Civil Rights Act of 1991, Title I of the Americans with Disabilities Act, 42 U.S.C. § 1983, 42 U.S.C. § 1981, the Equal Protection Clause, and state law claims under La. Rev. Stat. § 23:301, La. Civ. Code arts. 2315, 2316, and 2320.  On February 1, 2008 plaintiff amended her complaint to add defendants Michael DeSalvo, Fran Russo, Newell Normand and Kenneth Hughes. Defendants DeSalvo, Hughes and Normand have brought this 12(b)(6) motion to dismiss plaintiff's claims under Title VII, the ADA, § 1983 as well as plaintiff's state law claims.

**II.  Legal Standard**

In considering a motion to dismiss, a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

**III. Analysis**

*I. § 1981*

Discrimination based on race is an essential element of any § 1981 claim. *See Olivares v. Martin*, 555 F.2d 1192, 1196 (5th Cir. 1977). *Cf. Riley v. Adirondack School for Girls*, 541 F.2d 1124 (5th Cir. 1976)(en banc)(race must be a factor is discrimination under § 1981). Here, plaintiff has alleged discrimination based on her disability, but has stated no allegations of racial discrimination. Because plaintiff has failed to allege that any of the allegedly discriminatory acts by defendants were race-based, plaintiff's § 1981 claim is dismissed with prejudice. *Id.*

*ii. Title VII and ADA*

It is a well-settled rule of administrative law that a plaintiff must exhaust available administrative remedies before

he or she files a complaint in federal court under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711 (5th Cir. 1994); *Stith v. Perot Systems Corp.*, 122 Fed. Appx. 115, 118 (5th Cir. 2005). Administrative review of a Title VII claim is a condition precedent to judicial review of that claim. *See, e.g., Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997). A plaintiff complies with the exhaustion requirement when he "files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (*citing Dao v. Auchan Supermkt.*, 96 F.3d 787, 788-89 (5th Cir. 1996)). Because the ADA incorporates by reference the procedures applicable to actions under Title VII, the Fifth Circuit also requires a plaintiff to file a charge of discrimination with the EEOC prior to filing an ADA claim. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

    Defendants assert that plaintiff has failed to file a timely charge of discrimination against them. Neither plaintiff's complaint or amended complaint contains allegations that plaintiff complied with the administrative procedures required under Title VII and the ADA, and plaintiff has failed to respond to defendant's motion. Since exhaustion of administrative procedures is required for both plaintiff's ADA and Title VII

5

claim, these charges are dismissed without prejudice.[1]

    *ii.  § 1983 - DeSalvo and Hughes*

Defendants DeSalvo and Hughes argue that plaintiff's § 1983 claim is time-barred.  The prescriptive period for § 1983 actions in Louisiana is one year.  *Berry v. Board of Sup'rs of LSU*, 715 F.2d 971, 982 (5th Cir. 1983)(citing *Lavelle v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980).  This period is "borrowed" from the applicable rule of limitations established by La. Civ. Code article 3492 governing delictual actions.  *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995).  Plaintiff filed this lawsuit on November 5, 2007, meaning that any cause of action arising out of acts taking place on or before November 4, 2006 is prescribed. *See* La. Civ. Code art. 3454 ("Prescription accrues upon the expiration of last day of the prescriptive period.")

The Court analyzes whether plaintiff's claim is time-barred in light of plaintiff's allegation that defendants' actions contributed to a hostile work environment.  In connection with Title VII claims, the Supreme Court has stated that acts

---

[1] Because plaintiff has failed to exhaust administrative remedies, a prerequisite to any Title VII or ADA claim, the Court declines to address defendant's argument that allegedly discriminatory acts taking place more than 300 days before this lawsuit was filed cannot be considered in evaluating plaintiff's claim that such actions contributed to an ongoing "hostile work environment."  These arguments, however, are considered in connection with plaintiff's § 1983 claims *infra.*

contributing to a hostile work environment should be considered part of the same unlawful practice for purposes of the statute of limitations for filing a charge of discrimination.  *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). "It does not matter, for purposes of the statute that some of the component acts of the hostile work environment fall outside the statutory period.  Provided that an act contributing to the claim occurs within the filing period, the entire time may be considered by a court for the purposes of determining liability." *Id.*

Even within the context of Title VII, however, there are limits to when a "hostile work environment" claim can be invoked to trump an otherwise tolled statute of limitations.  The Fifth Circuit requires that the plaintiff show: a) a discriminatory act within the statutory period; b) that the same type of discriminatory acts occurred both inside and outside the statutory period such that a valid connection exists between them; and c) that an organized scheme led to and included a act within the statutory period. *See Celestine v. Petroleos De Venezuala, SA,* 266 F.3d 343, 352 (5th Cir. 2001); *Moore v. Hopper*, No. 99-31181, 2000 WL 1239191 (5th Cir. 8/11/2000). *See also Abner v. Kansas City*, 513 F.3d 154, 167 fn. 67 (5th Cir. 2008)(applying same criteria in § 1981 claim).

As discussed above, plaintiff's Title VII claims are not before the Court because plaintiff has not exhausted administrative remedies. But even assuming the same analysis applies to plaintiff's § 1983 claims, plaintiff has not specifically alleged a discriminatory act taking place within the one-year prescriptive period. The most recent allegation of discrimination alleged in plaintiff's complaint took place on September 22, 2006, when plaintiff was allegedly denied insurance payment for injuries sustained at work. This event, however, took place several months before the November fourth deadline. Plaintiff's complaint does allege unspecified "continuing discriminatory actions" by Jefferson Parish Sheriff's Office, but the Court is unable to evaluate whether there was a valid connection between the acts alleged in the complaint and any non-prescribed act of discrimination, or whether an organized scheme led to such an act based on this conclusory allegation.

Because plaintiff has failed to allege any specific acts that are not prescribed, plaintiff's § 1983 claims against DeSalvo and Hughes are DISMISSED, subject to the following: In the interests of justice, the Court grants leave for plaintiff to amend her complaint to specifically allege discriminatory acts within the prescriptive period such that the Court can evaluate whether any of the otherwise prescribed acts alleged in

plaintiff's complaint should be considered in connection with a hostile work environment claim. Fed. R. Civ. P. Rule 15(a). Should plaintiff be unable to do so within 20 days of the entry of this order, the Court will dismiss her claims against DeSalvo and Hughes with prejudice.

    *iii. § 1983 - Normand*

Defendant Sheriff Normand argues that plaintiff's complaint fails to state a claim under § 1983 against him in either his individual or official capacity. "To be liable under section 1983, a sheriff must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the sheriff and the constitutional violation sought to be redressed. A causal connection may be established, for section 1983 purposes, where the constitutional deprivation and practices occur as a result of the implementation of the sheriff's affirmative wrongful policies by his subordinates, or where the sheriff wrongfully breaches an affirmative duty specifically imposed upon him by state law, and as a result thereof, the complained of constitutional tort occurs." *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)(citations omitted). As a supervisory official, Sheriff Normand may not be held liable under § 1983 for the acts of his subordinates based on a theory of respondeat superior.

*See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). The Fifth Circuit has held, however, that supervisors may be held liable for "gross negligence" or "deliberate indifference" to violations of their subordinates. *Doe v. Taylor Indep. School. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994).

Plaintiff does not allege that Normand personally discriminated against her. Neither does plaintiff specifically allege that any of the alleged discriminatory acts were the result of a discriminatory custom, policy or practice put in place by Normand, or that Normand was deliberately indifferent towards plaintiff's constitutional rights. Consequently, the Court finds dismissal proper here.

The Court has, however, already granted plaintiff leave to amend her complaint to state a claim under § 1983 against DeSalvo and Hughes. The interests of justice warrant allowing plaintiff to use that opportunity to specifically allege facts stating a claim against Normand, if she can. The Court emphasizes, however, that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice," *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993), and that if plaintiff fails to amend her complaint to allege specific facts under which Normand could be held liable within 20 days of entry of this order, plaintiff's claim against defendant

will be dismissed with prejudice.

   *iv.   Remaining State Law Claims*

Defendants also request that this Court dismiss plaintiff's supplemental state law claims under La. Rev. Stat. 23:301 et seq., and La. Civ. Code arts. 2315, 2316 and 2320.  The Court reserves ruling on dismissal of plaintiff's state law claims, because the Court has granted plaintiff leave to amend her complaint to state a claim under § 1983.  If plaintiff fails to amend her complaint to state a federal claim against defendants within 20 days of entry of this order, defendants may request that the Court revisit dismissing plaintiff's state law claims at that time.

**IV. Conclusion**

For the reasons stated above, the Court DISMISSES plaintiff's § 1981, Title VII and ADA claims against defendants Normand, DeSalvo and Hughes.  The Court also DISMISSES plaintiff's § 1983 claims, GRANTING plaintiff leave to amend her complaint to state a § 1983 claim within 20 days of entry of this order.

New Orleans, Louisiana, this __3rd__ day of November, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE